UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

FRANCIS CAITO,

    Plaintiff,

v.

FMA ALLIANCE, LTD.,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

FRANCIS CAITO ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FMA ALLIANCE, LTD. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New York and, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Geneva, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 12339 Cutten Road, Houston, Texas, 77066.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a credit card.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff owes no business debt, the debt could have only been personal in nature.

13. Beginning in or around February of 2012, and continuing through March of 2012, Defendant engaged in debt collection activities, seeking payment from Plaintiff.

14. Defendant's collectors repeatedly made harassing telephone calls to Plaintiff's home telephone number and to Plaintiff's mother's home telephone seeking to collect the alleged debt.

15. Defendant's harassing debt collection calls originated from numbers including,

PLAINTIFF'S COMPLAINT

but not limited to (281) 670-1607. The undersigned has confirmed that this number belongs to the Defendant.

16. On numerous occasions, Defendant called Plaintiff at least two times per day.

17. Defendant regularly called Plaintiff more than ten times per week.

18. On at least one occasion, Defendant's collectors called Plaintiff prior to 8:00 am.

19. In February of 2012, Defendant called Plaintiff's mother and revealed that Plaintiff owed a debt.

20. This telephone conversation greatly upset Plaintiff's mother who is elderly, and in poor health.

21. Defendant's purpose in calling Plaintiff's mother was to harass and upset both Plaintiff and his elderly mother.

22. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

23. Section 1692c(a)(1) prohibits debt collectors from communicating with Plaintiff at any unusual time or place known, and the debt collector shall assume that the convenient time for communicating with a consumer if after 8:00 am and before 9:00 pm.

24. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff before 8:00 am Eastern Standard Time.

## COUNT II

25. Section 1692c(b) prohibits debt collectors from communicating with any person other than Plaintiff, except as provided in § 1692b, in regards to the collection of any debt.

26. Defendant violated § 1692c(b) when it called Plaintiff's mother and informed her of Plaintiff's debt with the intent to harass Plaintiff and Plaintiff's mother.

## COUNT III

27. Section 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass oppress, or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d when it caused Plaintiff's telephone to ring repeatedly, by contacting Plaintiff's mother and informing her of Plaintiff's debt with the intent to harass or annoy Plaintiff, and by engaging in other harassing and abusive conduct.

## COUNT IV

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V

31. Section 1692f of the FDCPA prohibits debt collectors from using unfair or

unconscionable means to collect or attempt to collect an alleged debt.

32. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff before 8:00 am, when it called Plaintiff's mother for the purpose of embarrassing Plaintiff and harassing his mother, and when it used other unfair and unconscionable means with Plaintiff to collect a debt.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FRANCIS CAITO, respectfully prayS for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, FRANCIS CAITO, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

DATED: 05/22/2012

KIMMEL & SILVERMAN, P.C.

By: _____
   Craig Thor Kimmel
   Attorney ID # 2790038
   Attorney for Plaintiff
   Kimmel & Silverman, P.C.
   30 E. Butler Pike
   Ambler, PA 19002
   Phone: (215) 540-8888
   Fax: (877) 788-2864
   Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT